J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
Annie S. Wang (SBN 243027)
*annie@coombspc.com*
J. Andrew Coombs, A Prof. Corp.
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone:  (818) 500-3200
Facsimile:  (818) 500-3201

Attorneys for Plaintiff
Adobe Systems Incorporated

Cheryl L. Hodgson (SBN 141275)
HODGSON LAW GROUP
9606 Santa Monica Boulevard, Third Floor
Beverly Hills, California 90210
Telephone:  (310) 623-3515
Facsimile:  (310) 919-3515

Attorney for Defendant

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)**

| | |
|---|---|
| Adobe Systems Incorporated,  )<br>  )<br>        Plaintiff,  )<br>   v.  )<br>  )<br>Eduard Sarkisov a/k/a Edward Sarkisov and  )<br>Does 1 through 10, inclusive,  )<br>  )<br>        Defendants.  )<br>_____ ) | Case No.: C08-0936 PJH<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

The parties to the above-entitled action (the "Parties") submit this Joint Case Management Statement and request the Court to adopt it as the Case Management Order in this case, pursuant to Federal Rule of Civil Procedure 16 and Civil L.R. 16-10(b).

**JOINT CASE MANAGEMENT STATEMENT**

1. <u>Jurisdiction and Service</u>

<u>Jurisdiction</u>: The claims alleged herein arise under the Trademark Act, 15 U.S.C. § 1051, et seq., and under the Copyright Act of 1976, 17 U.S.C. § 101, et seq., for trademark and copyright infringement.  This Court has original jurisdiction over the subject matter of this action pursuant to

15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332 and 1338.  This Court has personal jurisdiction over the Defendant because he does business in the district.  The events giving rise to the claims alleged herein occurred, among other places, within this judicial district.  Venue in the Northern District of California is proper pursuant to 28 U.S.C. § 1391(b) and § 1400(a).

<u>Service</u>: All named parties have been served and have answered the complaint.

2. <u>Facts</u>

Plaintiff Adobe Systems Incorporated ("Plaintiff" or "Adobe") seeks money damages and injunctive relief against Defendant Eduard Sarkisov a/k/a Edward Sarkisov ("Defendant") for infringing Plaintiff's copyrights and trademarks.  In particular, Plaintiff alleges that Defendant was responsible for the distribution, promotion and sale of unauthorized computer software, containing copies of Plaintiffs computer programs, and selling them over eBay.

Defendant contends a factual dispute exists as to software copies purchased for resale by Plaintiff were in fact lawful or pirated by the vendor supplier.

3. <u>Legal Issues</u>

Plaintiff identifies Defendant's willfulness and the extent of Defendant's profits as the principal issues in the case.

Defendant contends there is not issue as to defendant's profits or willfulness.  Defendant contends Plaintiff continues to characterize defendant in public media releases as a "Pirate."  Defendant asserts he is a student, who purchased copies of software for resale to support himself while in college.  Defendant contends he had a good faith belief the copies were lawful.  Defendant contends each sale was documented and provided voluntarily plaintiff without discovery requests to.  Moreover, defendant contends he ceased sales immediately upon the filing of this action.  Defendant contends there is no evidence of willful conduct.

4. <u>Motions</u>

There are no prior or pending motions. Plaintiff believes a motion for summary judgment as to liability and/or entry of a preliminary injunction may be appropriate.

Defendant: There would be no reason for an injunction since defendant has made no sales since the filing of the complaint in this action.

<u>Amendment of Pleadings</u>

Plaintiff, at this time, does not contemplate the amendment of pleadings for any reason, including the addition of new parties. Plaintiff believes that information disclosed in discovery may make addition of new defendants prudent and a more efficient use of the Court's resources, so the Parties propose that the last day to amend the pleadings and the last day to join additional parties shall be 90 days from the date of the case management conference.

Defendant states he may well amend his complaint to ad a counterclaim for defamation and libel if plaintiff does not provide sufficient evidence that the copies purchased by defendant for resale were in fact pirated.

5. <u>Evidence Preservation</u>

The Parties have discussed discovery and preservation of electronically stored information.

6. <u>Disclosures</u>

The Parties agree that the required disclosures under Rule 26(a)(1) will be made on or before the case management conference.

7. <u>Discovery</u>

Written discovery propounded by Plaintiff to Defendant is currently pending. The Parties anticipate propounding written discovery, subpoenas to third parties and taking depositions. The Parties do not believe that discovery should be conducted in phases or limited to or focused only upon particular issues.

The Parties propose that discovery be completed by the proposed discovery cut-off date of October 24, 2008 or any other discovery cut-off date the Court may set.

The Parties do not propose any other changes in the limitations on discovery beyond those already contained in the Federal Rules and the Local Rules.

8. Class Actions

Not applicable.

9. Related Cases

Not applicable.

10. Relief

Plaintiff contends it may elect statutory or actual damages but is not prepared to make that election at this time. In any event, Plaintiff will seek entry of a permanent injunction.

Defendant states he has previously offered to stipulate to entry of an injunction. Defendant contends Plaintiff's monetary demands are excessive and unreasonable given the facts.

11. Settlement and ADR

Settlement: The Parties have discussed settlement preliminarily during and before their early meeting.

ADR Plan: The case has been assigned to the ADR Multi-Option Program. The Parties believe that Court sponsored Mediation may be beneficial. The Parties would like to request that the Mediator be located in or close to Los Angeles County.

The Parties have filed ADR Certifications attesting to those matters set forth at ADR Local Rule 3-5(b).

12. Consent to Magistrate Judge for All Purposes

The Parties do not consent to assignment of this case to a United States Magistrate Judge for Trial.

13. Other References

The Parties do not believe the case is suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

14. Narrowing of Issues

At this time the Parties have yet to identify issues that can be narrowed by agreement or by motion for purposes of trial.

15.    Expedited Schedule

The Parties believe that the legal issues are sufficiently complex such that this case is not appropriate to being handled on an expedited basis with streamlined procedures.

16. Scheduling

The parties propose an expert designation deadline consistent with the federal rules.

The parties propose a fact discovery cut-off date of October 24, 2008, by which time all fact discovery shall be concluded.

The parties propose that all motions, including dispositive motions, be heard not later than January 13, 2009.

The parties propose a pretrial conference date of March 10, 2009.

The parties propose a trial date of March 24, 2009.

17. Trial Estimate

The Parties have requested a trial by jury.  Plaintiff estimates a trial of approximately four (4) or five (5) court days.

Defendant believes the case can be tried in two days.

18. <u>Disclosure of Non-party Interested Entities or Persons</u>

The Plaintiff has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16 and would also like to identify the Software & Information Industry Association (SIIA) as an interested non-party to the case.

Defendants is unaware of any interest non-party to the case.

<u>Other Issues</u>

The Parties did not identify any other issues affecting case management.

Dated: June 24, 2008                    J. Andrew Coombs, A Professional Corp.


By: /s/ Annie S. Wang
     J. Andrew Coombs
     Annie S. Wang
Attorneys for Plaintiff Adobe Systems Incorporated


Dated: June 23, 2008                    HODGSON LAW GROUP

By: [signature]
     Cheryl L. Hodgson
Attorney for Defendant